## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

EUGENE A. MCDONALD,
               Appellant,

     v.

DEPARTMENT OF THE ARMY,
               Agency.

DOCKET NUMBER
DC-0752-20-0509-I-1

DATE: July 23, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Eugene A. McDonald</u>, Fredericksburg, Virginia, pro se.

<u>Andrew D. Han</u>, Esquire, Fort McNair, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his chapter 75 removal appeal as untimely filed without good cause shown. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

On petition for review, the appellant does not challenge, and we discern no basis to disturb, the administrative judge's conclusion that the appellant's appeal was untimely filed by 9 days. Petition for Review (PFR) File, Tab 1 at 2-5; Initial Appeal File (IAF), Tab 9, Initial Decision (ID) at 3; *see* 5 C.F.R. § 1201.22(b)(1). Instead, the appellant challenges the administrative judge's finding that he did not show good cause for the delay. He makes the following assertions in this regard: (1) the administrative judge erroneously found that the appellant was physically ill from February 13, 2020, through February 27, 2020, when he was actually ill through March 14, 2020; (2) he was confused regarding the applicable filing deadline; and (3) he encountered unspecified problems with his computer and printer.[2] PFR File, Tab 1 at 2-4.

_____

[2] The appellant also seemingly asserts that the administrative judge erroneously stated that he was prescribed over-the-counter medications for his illness when he actually took "3 different prescriptions." *Compare* PFR File, Tab 1 at 2, *with* ID at 5. Insofar as this discrepancy is not material to the outcome of this appeal, we discern no basis to disturb the initial decision. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (explaining that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

As properly set forth in the initial decision, ID at 3, the Board may waive the deadline for filing an appeal if the appellant shows good cause for the untimely filing, *Walls v. Merit Systems Protection Board*, 29 F.3d 1578, 1581 (Fed. Cir. 1994); 5 C.F.R. § 1201.22(c).  In making a good cause determination, the Board will consider the factors set forth in *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table), such as the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition.

The administrative judge also correctly noted that the Board has held that a party's medical condition(s) may provide good cause for an untimely filing.  ID at 4-5 (citing *Jerusalem v. Department of the Air Force*, 107 M.S.P.R. 660, ¶ 5, *aff'd*, 280 F. App'x. 973 (Fed. Cir. 2008), and *Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998)).  To establish that an untimely filing was the result of an illness, the party must:  (1) identify the time period during which he suffered from the illness; (2) submit medical evidence showing that he suffered from the alleged illness during that time period; and (3) explain how the illness prevented him from timely filing his appeal or requesting an extension of time.[3] *Lacy*, 78 M.S.P.R. at 437.  The proffered medical evidence must address the entire period of the delay.  ID at 5; *Perrot v. Department of the Navy*, 84 M.S.P.R. 468, ¶ 6 (1999).

Here, the appellant contends that the administrative judge misstated the dates of his illness in the initial decision.  PFR File, Tab 1 at 2-4; ID at 4. However, even assuming that the administrative judge so erred, a different

---

[3] The administrative judge correctly informed the appellant of these criteria in an order to show cause.  IAF, Tab 3 at 2-3.

outcome is not warranted. To this end, the appellant's Board appeal was due on or before March 16, 2020, and in his petition for review, the appellant admits that he felt better on March 14, 2020. PFR File, Tab 1 at 2-4. The appellant has failed to address the entire period of his delay insofar as he has provided no explanation as to why his medical conditions prevented him from filing his appeal before the March 16, 2020 deadline or requesting an extension of time to do so. *See, e.g.*, *Pirkkala v. Department of Justice*, 123 M.S.P.R. 288, ¶¶ 22-24 (2016) (finding that the appellant did not establish good cause for the delay in filing his removal appeal from August 27, 2009, when he knew the union would not represent him, until August 10, 2010, when he began treatment for his conditions, and he presented no evidence of illness that affected his ability to file a removal appeal during the 7 months between August 27, 2009, and when he filed an application for disability retirement); *Nesby v. Office of Personnel Management*, 81 M.S.P.R. 118, ¶¶ 5-7 (finding that the appellant's petition for review was untimely filed without good cause shown when the appellant showed that she was mentally incapacitated for only a portion of the period of her delay), *review dismissed*, 215 F.3d 1346 (Fed. Cir. 1999) (Table). Thus, the appellant has failed to show that his medical conditions led to the filing delay.

The appellant also avers that he confused the time limit for filing an equal employment opportunity appeal with the time limit for filing a Board appeal due to his illness and "the meds [he] was on." PFR File, Tab 1 at 4. We are not persuaded by this argument, insofar as the agency's decision letter clearly and specifically informed the appellant of the applicable deadline. IAF, Tab 1 at 10; ID at 5-6; *see Via v. Office of Personnel Management*, 114 M.S.P.R. 632, ¶ 7 (2010) (finding that misinterpretation or misreading the filing deadline where clear notice is provided does not show good cause to waive a filing deadline); *see also Williams v. Office of Personnel Management*, 71 M.S.P.R. 597, 606 (1996) (concluding that the appellant's failure to follow the agency's straightforward

notice of appeal rights constituted a failure to exercise due diligence or ordinary prudence), *aff'd*, 119 F.3d 16 (Fed. Cir. 1997) (Table).

The appellant further asserts that he experienced difficulties with his computer and printer, but he did not explain what difficulties he experienced. PFR File, Tab 1 at 3-4. This vague assertion does not provide a basis to disturb the administrative judge's conclusion that the appellant's technological issues did not excuse his filing delay. ID at 5; *see Kinan v. Department of Defense*, 89 M.S.P.R. 407, ¶ 6 (2001) (explaining that the appellant's vague assertion that he experienced "difficulty and hardship" did not establish good cause for his filing delay).

Although the appellant's pro se status and the fact that he suffered from a short-term illness during a portion of the filing period are factors weighing in his favor, we find that they are outweighed by the other *Moorman* factors. In particular, we agree with the administrative judge's finding that the appellant's 9-day filing delay was not insignificant. ID at 6; *see Harris v. Department of Defense*, 101 M.S.P.R. 123, ¶ 10 (2006) (finding that an 8-day filing delay was not minimal). Moreover, the appellant has not presented any evidence of circumstances beyond his control or of unavoidable casualty or misfortune that prevented him from timely filing the appeal following his recovery from illness. Therefore, we discern no basis to disturb the administrative judge's finding that the appellant has not shown good cause for the filing delay.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195,

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.